IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW OTTON, JR.,

       Petitioner,                    No. 2:12-cv-2696 JAM GGH (P)

   vs.

R. RACHLEY, Warden,

       Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the January 14, 2011 decision by Governor Brown reversing the Board of Parole Hearing's ("BPH" or "the Board") decision that petitioner was suitable for parole. Petition ("Ptn."), p. 1.

        In a per curiam decision, the United States Supreme Court found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not

reviewing that holding),[1] the Supreme Court added:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, 131 S. Ct. at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, 131 S. Ct. at 862. Noting the holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry . . . ." Swarthout v. Cooke, 131 S. Ct. at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest . . . ." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862.

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1    One of the petitioners in Swarthout included an inmate who was determined suitable for parole by the BPH but which determination was subsequently reversed by the governor. 131 S. Ct. at 861. The Swarthout Court did not distinguish between this circumstance and the one involving a parole board decision denying parole on the question of the due process to which a petitioner is entitled. Id., at 862. In Swarthout, the Supreme Court noted that both petitioners had received the requisite due process by having been "allowed to speak at their parole hearings and to contest the evidence against them," and had been "afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

   A review of the August 19, 2010 transcript of petitioner's parole consideration hearing demonstrates that petitioner, who was represented by counsel at the hearing, was afforded an ample opportunity to speak. See Ptn., Ex. B. The BPH's August 19, 2010 decision finding petitioner suitable for parole provided a detailed explanation and included the Board's reservations in reaching the decision it did. Id. at pp. 110-118. The Governor's January 14, 2011 reversal of the BPH rested largely on those reservations enumerated by the Board in its decision along with reference to a psychological evaluation, to which petitioner objects. See Ptn., Ex. A. However, the Ninth Circuit has made clear that "[b]ecause there is no Supreme Court precedent holding that a state governor must conduct a second parole hearing before reversing a parole board's favorable decision," any such habeas corpus claim "necessarily fail[s]." Styre v. Adams, 645 F.3d 1106, 1109 (9th Cir. 2011), citing Harrington v. Richter, ___ U.S.___, 131 S.Ct. 770, 786 [] (2011). Thus, there is no federal due process requirement contemplating review of a governor's decision to overrule that of a parole board. Indeed, federal courts are precluded from such review as it pertains to petitions for habeas corpus.

   Accordingly, IT IS HEREBY RECOMMENDED that this petition be dismissed for the reasons set forth above. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may

3

file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2013

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

ggh9

otton2696.FRdism